

**FILED**
**OCTOBER 23, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**AMARILLO DIVISION**

_____

**PRETRIAL NOTICE AND ORDER**
_____

IN RE:  JANUARY 4, 2010 AMARILLO CIVIL SETTINGS

**TO ALL ATTORNEYS AND PARTIES ON THE ATTACHED LIST:**

1. Attached is a list of cases set for trial in Amarillo beginning **January 4, 2010**.

2. All attorneys and parties not represented by attorneys are required to be present in open Court on **Monday, January 4, 2010, at 9:30 a.m.** for announcements and ready to begin trial on **Tuesday, January 5, 2010, at 9:00 a.m.**

3. Criminal cases pending on the docket will be given preference. **The cases will not necessarily be tried in the order listed.**

4. Attorneys and parties not represented by attorneys are required to comply with this Order in every case.

5. All parties are hereby ordered to complete all discovery at least two weeks prior to the time set for trial unless otherwise ordered. Discovery procedures should be initiated in time to permit completion by the deadline. This Order does not extend discovery deadlines previously set in a specific case.

6. The Pretrial Order is due **December 23, 2009** .

7. Unless an earlier time is required by the rules or by specific order, or a different time is set by a specific order in a particular case, motions must be filed by **December 18, 2009**. Deadlines for motions as provided by the rules or by specific order must be observed and are not extended by this Order. In particular, the motion deadlines set in the Rule 16 Scheduling Orders are not extended by this Order. You are reminded that Local Rule 5.2(a) provides that "[n]o motion for summary judgment shall be filed within 45 days of a scheduled trial date." Motions in Limine must be filed by the deadline set in this paragraph unless a different deadline has been provided by specific order in a particular case.

i

**Pretrial Order**

8. All attorneys and parties not represented by attorneys shall jointly prepare a proposed Pretrial Order for the Court to enter in each case, which shall contain the following in the order listed:

- (a) Any questions, jurisdictional or otherwise, raised by pending motions.
- (b) A concise summary of the claims and defenses of each party.
- (c) An itemized list of all stipulations and admissions of fact which have been agreed upon by the parties.
- (d) An itemized list of the contested questions of fact, including an itemized statement of special damages, if any, as well as offsets thereto.
- (e) An itemized list of each contested question of law.
- (f) An estimate of the length of trial.
- (g) A list of additional matters which would aid in the disposition of the case.
- (h) The original signature of each attorney and of each party not represented by an attorney.
- (i) A place for the date and signature of the Court.

9. All attorneys and parties not represented by attorneys are ordered to personally confer prior to the date of submission of the proposed Pretrial Order, and a certificate shall be attached to the proposed order, signed personally by the attorneys and by each party not represented by an attorney, stating that such a conference has been held, the stipulations are agreed upon, and that the proposed Pretrial Order is submitted to the Court for entry.

10. The proposed Pretrial Order must be a single document bearing the signatures of the attorneys and all parties not represented by an attorney. It is not acceptable for any attorney or party not represented by an attorney to submit a proposed Pretrial Order which does not contain the required complete set of signatures.

**Designating & Exchanging Exhibits & Depositions**

11. All exhibits to be offered in evidence are to be marked with tags and exchanged with opposing counsel and unrepresented parties by **December 23, 2009**.

12. In addition to the actual exhibits to be offered in evidence, a copy of each marked exhibit shall be furnished to the Judge for the Judge's use before, during, and after the trial. This includes all documents and photographs but excludes physical evidence and exhibits which cannot reasonably be copied. If exhibits are numerous (more than 15), the additional copies for the Judge shall be tabbed or placed in tabbed folders so as to be readily accessible to the Judge during trial. These additional copies of marked exhibits shall be furnished to the Judge not later than docket call.

13. All portions of depositions to be offered at trial are to be designated in writing with the Clerk and the depositions filed by **December 23, 2009**.

**Preparation & Submission of Exhibit & Witness Lists**

14. Attorneys and parties not represented by an attorney shall furnish to opposing counsel, parties not represented by an attorney, the Court, and the Court Reporter, a list of all exhibits and a separate list of witnesses by **December 23, 2009.**

**Proposed Charge or Proposed Findings and Conclusions of Law and Trial Briefs**

15. Each attorney and party not represented by an attorney shall deliver to the Court, opposing counsel and parties not represented by an attorney, requests for jury instructions and questions for inclusion in the Court's charge, or proposed findings of fact and conclusions of law if the trial is to the bench, and any trial briefs, at the same time the proposed Pretrial Order is filed with the Clerk: **December 23, 2009**. Proposed jury instructions, questions, and conclusions of law shall contain citations to authority.

**Pretrial Conference**

16. If a pretrial conference is desired, the attorneys must notify the Court by the time the proposed Pretrial Order is filed, and preferably sooner, to facilitate scheduling.

**Sanctions**

17. Should an attorney or any party not represented by an attorney:

(a)   Fail to cooperate in the preparation and filing of the proposed Pretrial Order,

(b)   Fail to appear at a scheduled pretrial conference or hearing,

(c) Fail to submit a complete and correct Pretrial Order as required,

(d) Fail to appear as required at docket call, or

(e) Fail to comply with the other directions set out herein,

an ex parte hearing may be held and judgment of dismissal, default, or other appropriate sanction will be entered.

It is so ORDERED.

ENTERED this  23rd   day of October, 2009.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
United States District Judge

**THE FOLLOWING CASES ARE SET FOR TRIAL:**

1. 2:07-CV-210-J     JURY     **FOR PLAINTIFF:**
   ABEL REYES CASAS                       Abel Reyes Casas
   V.                                              Pro Se, #1204752
   B. ADDUDEL, Sgt., et al.        TDCJ Neal Unit
                                                     9055 Spur 591
                                                     Amarillo, TX 79107-9696
                                                     Via Certified Mail:
                                                     70050390000551240829

                                                     **FOR DEFENDANTS:**
                                                     Adam Allan Auchter
                                                     Asst. Attorney General

2. 2:08-CV-194-J     JURY     **FOR PLAINTIFF:**
   TERRA PARTNERS                          Steven E. Clark
   V.
   RABO AGRIFINANCE, INC.,      **FOR DEFENDANTS:**
   et al.                                                   William T. Reid, IV

3. 2:08-CV-246-J     JURY     **FOR PLAINTIFF:**
   GUNTHER WOOLLEEY                 J. Craig Johnston
   V.
   WESTCON, INC., et al.           **FOR DEFENDANTS:**
                                                     Paul G. Nason

4. 2:09-CV-010-J     NON-JURY     **FOR PLAINTIFFS:**
   GARY THOMPSON and                   Bradley L. Drell
   JACOB THOMPSON
   V.                                                   **FOR DEFENDANTS:**
   FLINTROCK FEEDERS, LTD.,     John Huffaker
   et al.

5. 2:09-CV-070-J     JURY     **FOR PLAINTIFF:**
   SHIRLEY G. MILLER                       Jeremi K. Young
   V.
   NORTHWEST TEXAS                      **FOR DEFENDANT:**
   HEALTHCARE SYSTEM INC.       Thomas C. Riney